# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| K.B., a minor, by and through her natural mother and next friend, TEMPLE BOSTIC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:05CV1914 HEA |
| JANSSEN PHARMACEUTICA, L.P. and KEVIN BLANTON, M.D., | ) ) ) | (Including all Consolidated Cases) |
| Defendants. | ) ) | |

## OPINION, MEMORANDUM AND ORDER

On February 8, 2006, the Chief Judge, Honorable Carol Jackson, of the United States District for the Eastern District of Missouri ordered that 18 cases involving Defendant Janssen Pharmaceutica, L.P. be consolidated for a limited purpose. The cases were consolidated for the limited purpose of ruling on any pending motions to remand that may have been filed in each of the 18 cases. Therefore, this matter is before the Court on Plaintiffs' Motion to Remand, [#14], in the above-captioned case and shall encompass the motions to remand in the Consolidated Cases. Defendant Janssen Pharmaceutica, L.P., has responded to this motion and all other pending motions to remand. For the reasons set forth below, the motions to remand are granted.

**Facts and Background**

The Consolidated Plaintiffs have filed their respective Petitions in the Circuit Court of the City of St. Louis, alleging a cause of action for strict products liability, fraud, misrepresentation, breach of warranty, and negligence. Plaintiffs claim that Janssen, the removing defendant, manufactured and marketed Risperdal, an antipsychotic drug labeled and approved by the Food and Drug Administration (FDA) for the treatment of schizophrenia and psychotic disorders. Plaintiffs allege that in violation of federal regulations, Janssen also illegally marketed Risperdal to physicians for non-psychotic disorders or purposes other than those approved by the FDA, which is referred to as "off-label" use. Risperdal is claimed to cause diabetes and/or insulin related disorders. The Consolidated Plaintiffs claim to have suffered serious injury, pain and discomfort and/or death. Plaintiffs allege that Janssen failed to warn them of the known side effects of Risperdal ingestion.[1]

Plaintiffs have also brought negligence claims against the physicians who prescribed Risperdal for Plaintiffs' use. Plaintiffs claim that the Defendant Physicians

---

[1] In some of the consolidated cases, Plaintiffs make the same allegations against additional drug company defendants, including Bristol Meyers Squib and Astrazenica, for the manufacture of Ablify and Seroquel respectively. These additional defendants, since they are diverse, do not alter the result of this Court's Order on the pending motions to remand.

negligently prescribed Risperdal to Plaintiffs for unapproved off-label use, such as for Attention Deficit Disorder (ADD), and that the physicians knew or should have known that such use was not FDA approved. Plaintiffs also claim that the Defendant Physicians negligently failed to monitor their patients as recommended for Risperdal and/or as required by the standard of care.

Plaintiffs are citizens of Missouri, while Defendant Janssen Pharmaceutica, L.P., ("Janssen") is a corporation existing under the laws of the State of New Jersey, with its principal place of business in Titusville, New Jersey. Defendant Physicians are residents of Missouri. Janssen removed each of the Consolidated Cases to Federal Court based on this Court's diversity jurisdiction under 28 U.S.C. § 1332 and claimed fraudulent joinder of the resident Defendant Physicians. In most of the Consolidated Cases, Plaintiffs have filed motions to remand alleging removal was improper[2], because Defendant Janssen cannot show that Defendant Physicians were fraudulently joined. Without the physicians as defendants in this action, complete diversity of citizenship exists, and this case is properly before the Court.

## **Discussion**

A defendant may remove a civil action from a state court to a federal court on

---

[2] Motions to Remand were not filed in case numbers 4:05cv2245AGF, 4;05CV2273ddn, 4:05cv2276HEA, and 4:05cv2283HEA. This opinion does not, therefore, address matters pending in those case files.

the basis of diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed. 28 U.S.C. § 1441(b); *Pender v. Bell Asbestos Mines, Ltd.,* 46 F. Supp.2d 937, 939 (E.D. Mo. 1999). A district court lacks diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. *Hurt v. Dow Chemical Co.,* 963 F.2d 1142, 1145-56 (8th Cir. 1992). If statutory requirements for removal jurisdiction are not met, a district court has no jurisdiction. *Id.* at 1145.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cr. 1997), *cert. denied,* 522 U.S. 1075 (1998); *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993).

Removal, however, will not be defeated by collusive or fraudulent joinder. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (per curiam). Fraudulent joinder exists if, on the face of a plaintiff's state court pleading, no cause of action lies against the resident defendant. *Id.* When the party seeking removal alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. 28 U.S.C.

§ 1441; *Parnas v. General Motors Corp.,* 879 F. Supp. 91, 92 (E.D. Mo. 1995). This burden is substantial. In determining whether the Court has complete jurisdiction, the Court must look to the allegations in the complaint. "Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson,* 724 F.2d at 83-84; *BP Chem. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir.), *cert. denied,* 537 U.S. 942 (2002). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). *See also Reeb v. Wal-Mart Stores, Inc.,* 902 F. Supp. 185, 188 (E.D. Mo. 1995) (removing party must show no reasonable basis in fact or law supporting claim against resident defendant, or reviewing court must find plaintiff has no real intention of prosecuting action against resident defendant).

Defendant Janssen relies on an unpublished opinion from the Southern District of Texas, *Flores v. Merck & Co., Inc.,* (Civil Action No. C-03-362), for the premise that Plaintiffs' claims against the Defendant Physicians are insufficient to defeat removal. The *Flores* case, however, is not persuasive here. In *Flores,* the plaintiffs asserted a claim of negligence against the decedent's physician for prescribing the decedent Vioxx. The only allegation that directly referred to the doctor stated: "Plaintiff Decedent was prescribed Vioxx by defendant [physician]. Decedent

presented in part with a serious history of cardiac disease, hypertension and/or other risk factors contrary to the ingestion of Vioxx." This, the court concluded, was not arguably a reasonable basis for predicting that state law might impose liability upon the decedent's physician, because plaintiffs made conclusory, general allegations of negligence against the doctor which they failed to support with specific, underlying facts. Plaintiffs' motion to remand was therefore denied. *Id.*

In contrast, the cases here allege that the Defendant Physicians were negligent because they failed to properly monitor Plaintiffs after prescribing Risperdal and failed to properly follow drug packaging when prescribing Risperdal. In the alternative, Plaintiffs allege that if Janssen provided the Defendant Physicians with an adequate warning about Risperdal's dangerous side effects, then the physicians were negligent for (1) failing to properly monitor Plaitniffs when the physicians knew or should have known the risks of ingesting Risperdal; (2) failing to exercise ordinary care when dispensing pharmaceuticals which the physicians knew or should have known would pose a threat of serious injury or death to Plaintiffs; and (3) failing to properly diagnose, treat and/or evaluate complaints and symptoms following Plaintiff's ingestion of Risperdal.

Under Missouri law, the physician standard of care requires that a physician "use and exercise that degree of skill and proficiency which is commonly experienced by the

ordinary, skillful, careful and prudent physician and surgeon engaged in the practice of medicine." *Silberstein v. Berwald,* 460 S.W.2d 707, 709 (Mo. 1970). This duty requires the physician to "give heed to symptoms subsequent to an operation or treatment, and give or prescribe such method of treatment which the situation demanded and as would commend itself to the ordinary, prudent, careful and skillful physician and surgeon." *Id.*

The Defendant Physicians in these cases owed Plaintiffs a duty to exercise that degree of skill and proficiency which is commonly experienced by the ordinary, skillful, careful and prudent physician engaged in the practice of medicine. Plaintiffs have plead that the Defendant Physicians failed to properly diagnose, treat and/or evaluate complaints and symptoms following Plaintiffs' ingestion of Risperdal, and based on these allegations, it cannot be said that there is no reasonable basis in fact or law supporting the claim stated against the Defendant Physicians. Furthermore, because there exists a plausible claim against the resident physicians, the Court cannot conclude that Plaintiffs have no real intention of prosecuting the negligence action against them. Therefore, Plaintiffs' motions to remand in the Consolidated Cases will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [#14], is granted;

**IT IS FURTHER ORDERED** that all motions to remand pending in the Consolidated Cases are granted.[3]

**IT IS FURTHER ORDERED** that these cases are remanded to the Circuit Court of the City of St. Louis.

Dated this 3rd day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[3]Of the Consolidated Cases, with the exception of this one, those which have pending motions to remand include the following: 4:05CV1971 TCM – D. Y, v. Janssen Pharmaceutica, L.P., et al.; 4:05CV1972 ERW – H. S., et al. v. Janssen Pharmaceutica, L.P., et al.; 4:05CV1996 JCH – R. S. v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2162 DDN – Lois Baer v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2167 JCH – Charles Ramsey v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2204 DDN – Thomas Romero v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2233 DDN – Justin Rabin v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2240 ERW – Magen Dierenfield v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2275 DDN – Patricia Ziegler v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2282 JCH – Jack Geeslin v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2287 SNL – Amy Tolbert v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2288 TCM – Mary Miller v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2291 JCH – James Young v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2341 FRB – Sara Crose v. Janssen Pharmaceutica, L.P., et al.; 4:05CV2342 ERW – Tracy Abassi v. Janssen Pharmaceutica, L.P., et al.